CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JUN 24 2010
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| MARY CASILLAS, | CASE NO. 3:09CV00076 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | By: B. Waugh Crigler U. S. Magistrate Judge |
| Defendant. | |

This challenge to a final decision of the Commissioner which denied plaintiff's April 4, 2007 claim for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this action from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge ("Law Judge") concluded that plaintiff had not engaged in substantial gainful activity during the period from her alleged disability onset date, January 5, 2007, through her date last insured, March 31, 2007. (R. 11.) It was determined that plaintiff's disorders of the spine were a severe impairment. (*Id.*) However, the Law Judge found, that through the date she

was last insured, plaintiff did not have an impairment or combination of impairments which met or medically equaled a listed impairment. (R. 15.) The Law Judge further found that for the same period, plaintiff retained the residual functional capacity ("RFC") to perform light exertional work, except that she could not climb ladders/ropes/scaffolds or work around hazards such as unprotected heights or moving machinery and required an alternate sit/stand option to change positions as needed. (R. 16.) He then concluded that plaintiff could not perform her past relevant work[1], but that other jobs existed in substantial numbers in the national economy that she could perform during the relevant time period. (R. 18.) Thus, the Law Judge found plaintiff was not disabled under the Act during her insured period. (R. 19.)

Plaintiff filed a timely request for review of the Law Judge's March 31, 2009. (R. 1-3.) The Appeals Council found that neither the record nor the reasons advanced on appeal provided a basis for changing the Law Judge's decision. (R. 1-2.) Accordingly, the Appeals Council denied her request for review and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of

---

[1] Plaintiff's past relevant work included that of cafeteria worker and tape rental clerk. (R. 18.)

the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of her motion for summary judgment, plaintiff initially argues that the Law Judge erred in finding that she did not meet 1.04(A) of the Listings, 20 C.F.R. Part 4, Appendix 1. (Pl's Brief, pp. 14-21.) Plaintiff contends that the Law Judge's finding that her lumbar problems did not meet Listing 1.04(A) is selective, irrational, and not supported by the record as a whole. (Pl's Brief, p. 15.) Finally, plaintiff contends that the Law Judge failed to account for or address the numerous instances of abnormal findings in the record. (Pl's Brief, p. 20.)

A person is disabled under Listing § 1.04(A) if the person suffers a spinal disorder resulting in compromise of a nerve root or spinal cord together with:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Part 404, Subpart P, Appendix1, § 1.04(A). Plaintiff has the burden of proving that her back disorder meets or equals a listing. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the claimant has the burden of showing that he has a medically severe impairment or combination of impairments and that the Act requires him to furnish medical evidence regarding his condition); *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir.1992) (stating that the burden of production and of proof is on the claimant to establish that he has an impairment that meets or equals a listing).

Plaintiff had an MRI of her lumbar spine on January 26, 2007. (R. 172-173.) The MRI

3

revealed that at L3-4 there was no exiting nerve root impingement present. (R. 172.) At L4-5, there was no central stenosis or exiting nerve root impingement clearly present. (*Id.*) At L5-S1 there was disc protrusion which deflected the traversing right S1 nerve root and both L5 nerve roots appeared contacted laterally by lateral disc bulging. (R. 173.)

Plaintiff was seen by William Sukovich, M.D. on May 30, 2007, two months after her insured status expired. (R. 189-192.) At that time, Dr. Sukovich determined that plaintiff's sensation was intact in both lower extremities. (R. 190.) The physician found that plaintiff had muscle strength of 5/5 in her left lower extremity, her muscle tone was normal, her muscle bulk displayed no atrophy or fascicultations, that her right lower extremity had muscle strength of 4/5 tone was normal, normal muscle bulk (no atrophy) and no fascicultations. (*Id.*) Plaintiff demonstrated positive straight leg raising test at 90 degrees. (*Id.*) However, her gait was intact, her station and posture were normal, romberg was negative, and she did not require the use of mobility aids. (*Id.*)

Richard Surrusco, M.D. and Shirish Shahane, M.D. evaluated plaintiff's medical records during the relevant time period and concluded that her back impairment did not meet or equal a listed impairment. (R. 241-247, 268-274.) They also determined that plaintiff retained the RFC to perform light exertional work. (R. 242, 269.) The Law Judge's conclusion regarding plaintiff's impairment, and the extent and effects thereby is supported by substantial medical evidence.

Next, plaintiff argues that the Law Judge's finding that she was less than credible is not supported by substantial evidence. (Pl's Brief, pp. 21-28.) Plaintiff contends that the evidence that her symptoms are substantiated by objective medical evidence is so great that the Law

4

Judge's review of the entire record was both unnecessary and inconsequential. (Pl's Brief, p. 23.)

A claimant's subjective complaints of pain must be supported by the objective medical evidence. *Craig,* 76 F.3d at 591; *Johnson v. Barnhart,* 434 F.3d 650, 657 (4th Cir.2005). Specifically, the evidence needs to show the existence of a medical impairment which could reasonably be expected to produce the amount and degree of pain alleged. *Craig,* 76 F.3d at 591; *Johnson,* 434 F.3d at 657.

Social Security Ruling ("SSR") 96-7p establishes a two-step process for evaluating or assessing a claimant's statements about his or her symptoms. Initially, the Law Judge must determine whether there is an underlying medically determinable impairment which could be expected to produce the symptoms alleged by the claimant. Once such an underlying medically determinable impairment has been found, the Law Judge must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which the symptoms limit the claimant's ability to perform basic work activities. When the claimant's statements about the intensity, persistence, or functionally limiting effects of the symptoms are not supported by substantial objective medical evidence, the Law Judge must evaluate the claimant's credibility based on the entire record.

The Law Judge determined that, although plaintiff's medically determinable impairments reasonably could be expected to produce the alleged symptoms, her statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible to the extent they conflicted with her RFC. (R. 16.) This finding is supported by substantial evidence.

Plaintiff's allegations of suffering from disabling pain are inconsistent with the other

evidence of record. Drs. Surrusco and Shahane evaluated plaintiff's medical records during the relevant time period and concluded that plaintiff's allegations were only "partially credible." (R. 247, 274.) Specifically, the physicians noted that plaintiff's self-reported daily activities were not significantly limited in relation to her allegations of disabling symptoms. (R. 247, 274.) The physicians determined that plaintiff had pursued appropriate care for her condition, but that the treatment she had received had been essentially routine and conservative in nature. (R. 247, 274.) Finally, Drs. Surrusco and Shahane noted that plaintiff did not require an assistant device to ambulate. (R. 247, 274.)

Plaintiff's allegations of disabling pain are inconsistent with the opinion offered by Dr. Douglas Cox, a chiropractor who treated plaintiff on numerous occasions during the relevant time period. (R. 159-162.) Dr. Cox concluded that plaintiff could work, so long as she avoided jobs which require heavy lifting, prolonged sitting and/or standing on a hard surface for an extended period of time. (R. 162.)

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual

recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

6-24-2010
Date