# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| MARY CASILLAS,<br><br>        *Plaintiff,*<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>*Commissioner of Social Security,*<br><br>        *Defendant.* | CIVIL ACTION NO. 3:09-CV-00076<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

  This matter is before the court on consideration of the following: the parties' cross-motions for summary judgment (docket nos. 7 and 10); the Report and Recommendation ("Report") of United States Magistrate Judge B. Waugh Crigler (docket no. 12); Plaintiff's objections (docket no. 13) to the Report; and the response (docket no. 14) thereto filed by the Commissioner of Social Security ("Commissioner," or "Defendant").

  In his Report, the magistrate judge recommends that I affirm the Commissioner's final decision denying Plaintiff's claims for disability insurance benefits and supplemental security income under the Social Security Act (the "Act"). Plaintiff timely filed objections to the Report, obligating the court to undertake a *de novo* review of those portions of the Report to which objections were made. 28 U.S.C. § 636(b); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). Having conducted such a review, I find that the objections are without merit and that the magistrate judge was correct in finding that the Commissioner's final decision is supported by substantial evidence and that Plaintiff did not meet her burden of establishing that she was totally disabled from all forms of substantial gainful employment. Accordingly, for the reasons stated herein, I will overrule Plaintiff's objections and will adopt the magistrate judge's Report *in toto*.

# I.

Plaintiff claims she is disabled by back pain. She protectively filed her claim for disability insurance benefits on March 19, 2007, and resubmitted her claim on August 20, 2007. Plaintiff was born in 1968, and she was 38 years old on the date she was last insured; thus, she is defined as a "younger individual age 18-49." 20 C.F.R. § 404.1563. The time period pertinent to this appeal is quite brief: Plaintiff alleged a "spontaneous and sudden" onset of back pain on January 5, 2007, and her disability insurance expired shortly thereafter, on March 31, 2007. The Agency denied Plaintiff's application on October 9, 2007, and denied her request for reconsideration on January 2, 2008. Plaintiff subsequently requested a hearing before an administrative law judge (the "ALJ"), which was held on January 28, 2009. Plaintiff was represented by counsel at the hearing. The question before the ALJ was whether, no later than March 31, 2007, Plaintiff became so disabled that she was unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The ALJ found that Plaintiff had a severe impairment – a disorder of the spine – but determined that Plaintiff was not disabled on or before March 31, 2007, because the disorder did not meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I. Although Plaintiff had experienced a flare-up of symptoms in January 2007, later that month her chiropractor noted that she had already experienced "improvement in her lumbar symptoms, with 80% reduction in her overall pain level," and her condition improved significantly with treatment during the next 12 months. The radiographic evidence confirmed significant physiological improvement: at the onset of her symptoms in January 2007, an MRI

showed disc protrusion that was deflecting the traversing right S1 nerve; however, a subsequent MRI study seven months later, in August 2007, confirmed "internal improvement of the previously identified" disc protrusion so that the right S1 nerve root "no longer appears deflected."

The ALJ found that Plaintiff did not meet any of the listings of impairments and that she remained capable of work at the light level with a sit/stand option. The ALJ found that Plaintiff remained capable of light work, except that she could not climb ladders, ropes, or scaffolds or work around hazards such as unprotected heights, and that Plaintiff required a sit/stand option to change positions as needed. Based on testimony of a vocational expert, the ALJ determined that, although Plaintiff could not return to her past relevant work as a cafeteria worker or a tape rental clerk, there were other jobs that existed in significant numbers within the national economy that Plaintiff remained capable of performing. Accordingly, the ALJ found that Plaintiff was not disabled.

Plaintiff appealed the ALJ's decision to the Appeals Council, which denied review on September 23, 2009, making the ALJ's decision the final decision of the Commissioner. Plaintiff then filed the instant civil action, seeking judicial review of the Commissioner's final decision. Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred the matter to Magistrate Judge Crigler for proposed findings of fact and a recommended disposition.

Plaintiff argued to Magistrate Judge Crigler that she was categorically entitled to benefits because she met the Listings of Impairments for musculoskeletal disorders under Listing 1.04(A). 20 C.F.R. Part 404, Subpart P, Appendix I, Section 1.04(A). Listing 1.04(A) addresses nerve root compression. The record includes MRI documentation that shows that, by August 2007, any previously identified nerve root compression had been largely alleviated. Listing

1.04(A) also requires medical evidence of a host of additional medical findings, e.g., evidence of motor loss. In Plaintiff's case, however, physical examinations demonstrated that, at the time the MRI confirmed alleviation of the previously deflected nerve root, Plaintiff had full motor power, with a rating of 5 out of 5 bilaterally. Listing 1.04(A) also categorically requires medical evidence of limitation of motion; in this case, some physical examinations throughout 2007 demonstrated mildly restricted motion, while others demonstrated "full extension, full flexion, [and] normal rotation" of the back. Accordingly, the medical treatment records demonstrate that Listing 1.04(A) does not apply to Plaintiff.

The record shows that Plaintiff failed to present an opinion from any treating physician to support her contention that she meets a listing or is otherwise disabled. Plaintiff's chiropractor noted only that Plaintiff should avoid jobs involving "heavy lifting, prolong[ed] sitting and or standing on a hard surface for an extended period of time," which comports fully with the ALJ's finding that Plaintiff could perform light work with a sit-stand option that would allow her to change positions as needed. State agency reviewing physicians concurred that Plaintiff was capable of working at the light level of exertion. The record in this case contains not a single contrary medical opinion.

After the parties filed cross-motions for summary judgment, Judge Crigler issued his Report, concluding that the ALJ's determination was supported by substantial evidence in the record, and Plaintiff timely filed objections.

## II.

The Commissioner's factual findings must be upheld if they are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner

of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (citation omitted), and consists of "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is responsible for evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545. Any conflicts in the evidence are to be resolved by the Commissioner (or his designate, the ALJ), not the courts, and it is immaterial whether the evidence will permit a conclusion inconsistent with that of the ALJ. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). The court may not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Instead, the court may only consider whether the ALJ's finding that Plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Craig*, 76 F.3d at 589. However, determining whether the evidence presented by the ALJ to support his decision amounts to substantial evidence is a question of law, and therefore will be considered anew. *Hicks v. Heckler*, 756 F.2d 1022, 1024-25 (4th Cir. 1985) (*abrogated on other grounds by Lively v. Bowen*, 858 F.2d 177, 180 (4th Cir. 1988). Furthermore, "ALJs have a duty to analyze 'all of the relevant evidence' and to provide a sufficient explanation for their 'rationale in crediting certain evidence.'" *Bill Branch Coal Corp. v. Sparks*, 213 F.3d 186, 190 (4th Cir. 2000) (citations omitted).

Federal Rule of Civil Procedure 72 permits a party to submit objections to a magistrate judge's ruling to the district court within fourteen days of the order. Fed. R. Civ. P. 72(b)(2); *see*

*also* 28 U.S.C. § 636(b). The district court conducts a *de novo* review of those portions of a magistrate's report and recommendation to which objections "properly" were made. Fed. R. Civ. P. 72(b)(3); *Orpiano*, 687 F.2d at 48. General objections to a magistrate judge's report and recommendation, reiterating arguments already presented, are not "properly" made, as they lack the specificity required by Rule 72 and have the same effect as a failure to object. *Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (2008). Those portions of the magistrate judge's report and recommendation to which no objection are made will be upheld unless they are clearly erroneous or contrary to law. *See Orpiano*, 687 F.2d at 47 (citing *Webb v. Califano*, 468 F. Supp. 825, 830 (E.D. Cal.1979)). The district court may accept, reject, or modify the recommended disposition based on its *de novo* review of the recommendation and the objections made. Fed. R. Civ. P. 72(b)(3).

## III.

As I have already observed, general objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object. *Veney*, 539 F. Supp. 2d at 845. Plaintiff argued to Judge Crigler that the ALJ was constrained to find her back impairment so severe that it meets Listing 1.04(A). Judge Crigler concluded that this argument lacks merit. In her present objections, Plaintiff essentially reargues this point. To the extent Plaintiff's objections incorporate and repeat arguments already presented and fail to specifically object to the magistrate judge's report, they are conclusory and lack the requisite specificity. Nonetheless, out of an abundance of caution, I will address the objection to the extent that it is responsive to the magistrate judge's Report.

When satisfied, the listings of impairments automatically result in a finding of disability. The listings are designed to reflect impairments that, for the most part, "are permanent or expected to result in death." 20 C.F.R. § 404.1525(c)(4). If a listed impairment is not expected to result in death, and does not state "a specific period of time for which your impairment(s) will meet the listing," then the evidence must show that the impairment "has lasted or can be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 404.1425(c)(4); *see also* 20 C.F.R. §§ 404.1509, 1525(c)(3); *Castro v. Astrue*, 2009 WL 1975513 *4 (M.D. Fla. July 8, 2009) (the criteria of Listing 1.04(A) cannot be satisfied "intermittently," but must be satisfied over a period of 12 months).

In order to meet the requirements of a listing, an impairment must satisfy "all of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Objective medical evidence is required to document each one of the specified criteria. *See* 20 C.F.R. Part 404, Subpart P, Appendix I, Section 1.00D. To satisfy Listing 1.04(A), Plaintiff must demonstrate a disorder of the spine "resulting in compromise of a nerve root," along with evidence "of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R. Part 404, Subpart P, Appendix I, Section 1.04(A).

Here, Plaintiff failed to demonstrate at least four of the elements of Listing 1.04(A).

In the first instance, any compromise to the spinal nerve root was not sufficiently longstanding. Plaintiff's symptoms first occurred on January 5, 2007, but by August 2007, her MRI showed "interval improvement of the previously identified right paracentral disc protrusion

at this level, and each reversing right S1 nerve root no longer appears deflected." There was also only "minimal contacting of both exiting L5 nerve roots laterally," with no central stenosis. The ALJ found significant this MRI evidence of improvement.

Evidence of motor loss is also required, but here, physical examinations demonstrated that, by the time of her repeat MRI in August 2007, Plaintiff had full motor power, rated at 5 out of 5 bilaterally. Only one examination, in May 2007, indicated slightly reduced motor power. The ALJ noted this evidence when rejecting application of the musculoskeletal listings.

Evidence of sensory loss is also required, but here, most of Plaintiff's physical examinations revealed sensory function within normal limits, with some decreased sensation observed at only one examination during the relevant 12-month period. The ALJ noted this evidence regarding sensory function when finding that Plaintiff did not meet the requirements of the musculoskeletal listings.

Yet another requirement is limitation of motion of the spine. Here, however, some of the physical examinations indicated "full extension, full flexion, [and] normal rotation" of the back, while other physical examinations demonstrated only mildly restricted motion. A discharge note, dated November 27, 2007, from her physical therapist indicates that Plaintiff "was seen for a total of thirteen sessions" between July 5, 2007, and October 19, 2007, and noted "improved mechanics in the pelvis, lumbar and thoracic spine, as well as improved flexibility throughout the lower extremities" over the course of treatment. When finding no listed impairment, the ALJ specifically noted Plaintiff's "full range of lumbar motion" in October 2007.

State agency physicians evaluated Plaintiff's medical records during the relevant time period and concluded that Plaintiff's back impairment did not meet or equal a listed impairment. No physician offered a conflicting opinion.

Evaluating the record, Judge Crigler emphasized the August 2007 MRI evidence, the medical findings of a treating physician in May 2007, and the findings of the state agency examining physicians that Plaintiff did not meet a listing. Judge Crigler found that the ALJ's decision that Plaintiff failed to meet a listing was supported by substantial evidence.

Plaintiff objects to this conclusion, asserting that Judge Crigler stated that the ALJ's determination that Plaintiff failed to meet the listing involved an assessment of "the extent and effects" of Plaintiff's impairment. Plaintiff contends that Listing 1.04(A) contemplates specific medical findings, not an evaluation of the "effects" of a claimant's impairment. However, Judge Crigler's Report does not include the statement Plaintiff contends he made. Judge Crigler's observation about the "extent and effects" of Plaintiff's back impairment refers to a separate finding of the ALJ – namely, that Plaintiff "retained the RFC [residual functional capacity] to perform light exertional work." RFC findings do, in fact, contemplate the "extent" and limiting "effects" of a medically determinable impairment.* *See* 20 C.F.R. § 404.1545. Accordingly, this objection is without merit, and will be overruled.

## IV.

Plaintiff also argues that Judge Crigler "acknowledged that a second MRI shows nerve impingement," yet found the medical evidence did not compel a finding that Plaintiff met the Listings. However, my review of Judge Crigler's Report discloses no mention of the second MRI, but only a brief discussion of the first MRI, taken at the onset of symptoms, which showed

---

* In any event, even if Judge Crigler had referred to Plaintiff's failure to meet the listings when he mentioned the "extent and effects" of Plaintiff's impairment, the fact is that the elements of Listing 1.04(A) require documentation of the impairment, including motor loss and limitation, sensory or reflex loss, and limitation of motion of spine; in other words, the elements of Listing 1.04(A) require documentation of specific "extent and effects" of the alleged impairment.

nerve impingement. Judge Crigler's Report does not mention the second MRI, taken about seven months later, which shows that the nerve impingement was resolved. Accordingly, this objection is without merit, and will be overruled.

## V.

Citing 20 C.F.R. § 1.00(D), Plaintiff argues that the listings "make it plain that some findings will be intermittent." Plaintiff argues that intermittent findings are adequate and that there is no "requirement that all medical abnormality criteria . . . be documented in each and every radiological study and each and every physical examination." However, the "intermittent findings" discussion in the listings makes a very different point: because musculoskeletal findings can often be intermittent, it is incumbent upon the claimant to document the presence of the necessary medical findings over a period of time. *See* 20 C.F.R. Part 404, Subpart P, Appendix I, Section 1.00D ("because abnormal physical findings may be intermittent, their presence over a period of time must be established by a record of ongoing management and evaluation"). In this case, the initial MRI presented abnormal findings of nerve root impingement, but subsequent findings within a few months showed the problem had resolved. Accordingly, this objection is without merit, and will be overruled.

## VI.

Plaintiff objects regarding the ALJ's assessment of her credibility. An ALJ's determination of a claimant's credibility is afforded wide latitude by a reviewing court. The United States Court of Appeals for the Fourth Circuit has observed that, in reviewing for substantial evidence, "'we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ.'" *Johnson v. Barnhart*, 434 F.3d 650, 652 (4th Cir. 2005) (quoting *Craig, supra*, 76 F.3d at 589).

Plaintiff claimed that her back pain was more limiting than the ALJ found supported by the evidence. Plaintiff argued to Judge Crigler that, once she established by objective medical evidence that she had a back impairment, she had "establish[ed]a *prima facie* case" that the degree of pain she alleged was "reasonable and credible." Plaintiff's objections reassert that, once she showed objective medical findings, "at that point no consideration should have been given to the additional factors found at 20 C.F.R. § 404.1529(c) – factors such as activities of daily living, modalities of treatment, medication regimens, statements of third parties, etc."

However, that is exactly what the controlling regulations require. Specifically, 20 C.F.R. § 404.1529(c) provides that "[w]hen the medical signs or laboratory findings show that you have a medically determinable impairment(s) that could reasonably be expected to produce your symptoms," then the ALJ must "evaluate the intensity and persistence of your symptoms" by considering "all of the available evidence," including evidence of the claimant's daily activities, medication taken to alleviate symptoms, treatment, and other information. *Id.*; *accord*, Social Security Ruling (SSR) 96-7p. The Fourth Circuit reiterated this requirement in *Craig v. Chater*, which holds that

> [i]t is only *after* a claimant has met her threshold obligation of showing by objective medical evidence a medical impairment reasonably likely to cause the pain claimed, that the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work, must be evaluated. *See* 20 C.F.R. §§ 416.929(c)(1) & 404.1529(c)(1). Under the regulations, this evaluation must take into account not only the claimant's statements about her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings, *see id.*; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.), *see* 20 C.F.R. §§ 416.929(c)(2) & 404.1529(c)(2); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it, *see* 20 C.F.R. §§ 416.929(c)(3) & 404.1529(c)(3).

76 F.3d at 595.

The holding in *Craig* is directly opposite to Plaintiff's contention. As required by *Craig*, by the Commissioner's regulations, and by SSR 96-7p, the ALJ in this case involving allegations of disabling pain carefully examined the record evidence, including the medical evidence and the evidence of Plaintiff's daily activities, in concluding that Plaintiff was capable of performing light work with a sit/stand option. The ALJ noted that, during the period in question, treatment was "relatively limited and conservative." The ALJ also noted the lack of hospitalizations and emergency room visits during 2007. Additionally, the ALJ noted Plaintiff's report that her 13 physical therapy sessions in 2007 were effective: "Plaintiff reported her back was better. And, the therapist reported improved mechanisms in the spine and improved flexibility throughout the lower extremities." The ALJ further noted that physical examinations during the pertinent period "did not reveal significantly decreased strength, sensation, or range of motion of any extremity, as would be expected with the degree of limitation alleged." The ALJ also accepted the opinions of the state agency physicians that Plaintiff could perform light work. Finally, the ALJ found that the daily activities that Plaintiff acknowledged performing – managing a household with two children, preparing simple meals, doing housework with breaks, driving, shopping at the grocery store, attending doctor appointments – "suggest a greater level of functioning than alleged and demonstrate a capacity for work at least at the light level of exertion."

These criteria are all appropriate for the ALJ's consideration. Judge Crigler reviewed the evidence and found supported by substantial evidence the ALJ's finding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible. My review of the record leads me to the same conclusion: the ALJ's findings

are supported by substantial evidence. Accordingly, Plaintiff's objection is without merit, and will be overruled.

## VII.

Having undertaken a *de novo* review of those portions of the Report to which properly specific objections were made, I find that Plaintiff's objections are without merit. My review of the record indicates that the magistrate judge was correct in finding that the Commissioner's final decision is supported by substantial evidence and that Plaintiff did not meet her burden of establishing that she was totally disabled from all forms of substantial gainful employment. Accordingly, I will enter an order overruling Plaintiff's objections, adopting the magistrate judge's Report *in toto*, granting the Commissioner's motion for summary judgment, denying Plaintiff's motion for summary judgment, and dismissing this action and striking it from the active docket of the court.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record and to United States Magistrate Judge B. Waugh Crigler.

Entered this __3rd__ day of February, 2011.

                                               /s/ Norman K. Moon
                                               NORMAN K. MOON
                                               UNITED STATES DISTRICT JUDGE